```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION

SHEET METAL WORKERS NATIONAL    )
HEALTH FUND,                    )
                                )
     Plaintiff,                 )
                                )
          v.                    )    NO. 3:10-0695
                                )
JACKIE CUNNINGHAM,              )    Judge Haynes/Bryant
                                )
     Defendant.                 )
```

**TO: The Honorable William J. Haynes, Jr.**

### REPORT AND RECOMMENDATION

      Plaintiff has filed its motion for preliminary injunction and to waive security (Docket Entry No. 14). Defendant has filed no response in opposition.

      For the reasons stated below, the undersigned Magistrate Judge recommends that plaintiff's motion be granted.

### Analysis

      In deciding whether to issue a preliminary injunction, a district court must consider: (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer irreparable harm without the grant of the extraordinary relief; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction. <u>Dayton Area Visually Impaired Persons, Inc. v. Fisher</u>, 70 F.3d 1474, 1480 (6th Cir. 1995). In support of its motion, plaintiff has filed the affidavit of Angela Rye (Docket Entry No. 16). This affidavit establishes that defendant Cunningham, d/b/a Standard Roofing & Sheet Metal is a party to a collective bargaining agreement that requires him to pay

certain contributions to the plaintiff on behalf of employees covered by the collective bargaining agreement and to submit timely reports showing payments due identifying the names of employees performing work. The payments from defendant required by the collective bargaining agreement are made to the plaintiff, which is an employee benefit plan defined by ERISA at 29 U.S.C. § 1002(1). Ms. Rye further testifies by affidavit that although employees have continued to work for defendant, the required reports and payments have not been timely submitted by defendant Cunningham. Finally, the affidavit of Ms. Rye establishes that if an employer such as defendant fails to submit reports, employees will not receive credit for benefits, and, therefore, can suffer irreparable harm in the absence of those benefits.

Courts have held that public policy weighs in favor of an injunction to enforce ERISA rights. <u>International Resources v. New York Life,</u> 950 F.2d 294, 302 (6th Cir. 1991). From a review of the affidavit of Ms. Rye, and in the absence of any opposition by the defendant, the undersigned Magistrate Judge finds that plaintiff has made a sufficient favorable showing of the four factors required to support the issuance of a preliminary injunction.

Plaintiff also has moved for an order waiving the requirement of security or bond under Rule 65(c) of the Federal Rules of Civil Procedure. This rule provides in pertinent part: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sums as the court deems proper, for the payment of such cost and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." The Sixth Circuit Court of Appeals has held that a trial judge possesses discretion to permit

the waiver of posting of security. <u>Urbain v. Knapp Brothers Manufacturing Co.</u>, 217 F.2d 810, 815-16 (6th Cir.), <u>cert. denied</u>, 349 U.S. 930 (1955).

The undersigned Magistrate Judge finds, upon consideration of the totality of the circumstances, that the Court in its discretion should grant plaintiff's motion for waiver of security.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's motion for preliminary injunction and waiver of security be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of April, 2011.

                                                 <u>s/ John S. Bryant</u>
                                                 JOHN S. BRYANT
                                                 United States Magistrate Judge